1    Russell Brown
     CHAPTER 13 TRUSTEE
2    Suite 800
     3838 North Central Avenue
3    Phoenix, Arizona 85012-1965
     602.277.8996
4    Fax 602.253.8346

5              IN THE UNITED STATES BANKRUPTCY COURT

6                   FOR THE DISTRICT OF ARIZONA

7    In re                        | In Proceedings Under Chapter 13

8    STEVEN M. FRINK,             | Case No. 2-08-BK-00631 PHX CGC

9

10                               | **TRUSTEE'S RECOMMENDATION**
                        Debtor.   |

11        The Trustee has reviewed the Plan, Schedules, and Statement of Financial Affairs.

12        The Trustee notes the following problems, which must be resolved prior to confirmation of

13   the Plan:

14        1.    The proof of claim filed by the IRS shows 2007 federal income tax returns are

15   unfiled. The proof of claim filed by the Arizona Department of Revenue show 2004, 2005 and 2007

16   state returns are unfiled.  Failure to timely file all tax returns is a basis for dismissal of the case.  The

17   Trustee requires that the debtor prepare and file all past due tax returns and provide proof of filing

18   to the Trustee.  The Trustee cannot verify required Plan funding until all required taxes have been

19   filed.

20        2.    The Trustee requires copies of paystubs for the non-filing spouse for the month of

21   May 2008.

22        3.    Schedule I includes allowances for direct payments on an automobile and student

23   loan.  The Trustee objects. All debts secured by personal property must be paid through the Trustee.

24   **The Trustee requires that the Plan be amended to provide for all debts secured by personal**

25   **property to be paid through the Plan**.  Schedule J must be amended to delete the payments for

26   automobile and student loan. Educational loan debts must be paid pro rata with all other unsecured

27   claims, with any amounts remaining unpaid to survive discharge.

28        4.    Schedules B and D are incomplete and fail to disclose all assets of the debtor.

1  Pursuant to a proof of claim filed by HSBC Auto, the debtor is the owner of a 2003 Chevy

2  Trailblazer. Schedule B does not list the asset and Schedule D does not list the debt. No repossession

3  is listed on the Statement of Financial Affairs. The Schedules and Statement (if necessary) must be

4  amended accordingly.

5      5.      Debtor has payments for a domestic support obligation deducted from wages.  For

6  the Trustee to fulfill his duties under 11 U.S.C. § 1302(b)(6) and (d), the Trustee requires the Debtor

7  to file an amended Schedule E and declaration to include the name, address, telephone number, and

8  atlas number for each recipient of a domestic support obligation.  The Debtor may include any

9  governmental agency that receives the payments, but the Trustee requires the information for the

10  ultimate recipient of the payments.

11     6.      Debtor has a domestic support obligation.  Pursuant to 11 U.S.C. § 1325(a)(8), the

12  order confirming plan must state: "The debtor has paid all amounts that are required to be paid under

13  a domestic support obligation and that first became payable after the date of the filing of the

14  petition."  Moreover, with the proposed order confirming plan, the Trustee requires that the Debtor

15  give the Trustee verification of being current in post-petition DSO payments.

16     7.      The proofs of claim filed by the IRS, American Honda Finance, HSBC and Dell

17  Financial Services differ from the creditors' treatment under the Plan or are not provided for by the

18  Plan. The Trustee has received no notification that the issues have been resolved and the Debtor(s)

19  must resolve the discrepancies before the Trustee recommends confirmation of the Plan.  As to each

20  claim, the Trustee requires that the Debtor(s): (a) file an objection to the claim (if the debt is believed

21  to be unsecured; (b) notify the Trustee **in writing** that the claim issue has been resolved and the

22  holder of the claim will endorse the order confirming the Plan; (c) notify the Trustee **in writing** that

23  the order confirming the Plan will provide for full payment of the claim; or (d) timely file an

24  amended Plan to provide for some or all payment on the claim.  If resolution of the claims changes

25  Plan funding requirements, the Trustee requires the receipt of an amended Plan analysis (Local Form

26  13-2) with any proposed Order confirming the Plan.  If one or more objections to the proofs of claim

27  is timely filed by the Debtor(s), then the time to submit a proposed Order confirming the Plan to the

28  Trustee is extended by 15 days after substantive completion of the last objection.

- 2 -

1    8.    The 2016(b) Disclosure Statement filed by the counsel for the Debtor(s) differs from

2    the Application for Payment of Administrative Expense contained in the Plan.  The Trustee objects

3    to the Application if the fee agreement signed by the Debtor(s) differs from the Application for

4    Payment of Administrative Fees. The Trustee requires a copy of the attorney fee agreement not later

5    than June 9, 2008.

6    9.    Any Order confirming the Plan must comply with the provisions of the Trustee's

7    Memorandum dated March 19, 1998 (copy enclosed or previously submitted to counsel).  The tax

8    years are 2008 and 2009.  The time to submit a proposed Order to the Trustee is extended to 15 days

9    after the conclusion of any objection to proof of claim or objection to confirmation.

10    10.  Other requirements:

11    (a) Due to the possibility of errors on the claims docket, it is the attorney's

12    responsibility to review all proofs of claim filed with the Court and resolve any discrepancies

13    between the claims and the Plan prior to submitting any proposed Order Confirming Plan to the

14    Trustee.

15    (b) Requests by the Trustee for documents and information are not superseded by the

16    filing of an amended plan or motion for moratorium.

17    (c) The Trustee will object to any reduction in the Plan duration or payout in a

18    proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

19    (d) The Trustee requires that any proposed Order Confirming Plan state: "The Plan

20    and this Order shall not constitute an informal proof of claim for any creditor."

21    **Plan payment status**:  The Debtor's interim payments of $176.00 each are current through

22    due date April 24, 2008.  Subsequent payments are  due on the 24th day of  each following month.

23    The Trustee reminds the Debtor that he or she may access case information from the Trustee's office,

24    such as plan payments received, by going to www.13datacenter.com.  Then, under the Debtor

25    section, click 'Click Here to get started' and follow the instructions.  Also, a debtor may get email

26    notification of docket events by filling out the Bankruptcy Court's Debtor Email Registration Form.

27    The form is available on the Court's website at www.azb.uscourts.gov and then going to Forms and

28    Publications.

- 3 -

SUMMARY

**Pursuant to the Court's Order Re: Procedures for Confirmation of Plans, paragraph E.(2), the Debtor must provide the following by June 9, 2008 or the Trustee will lodge an order dismissing the case:**

      (a)     All information and documents as requested in Items #1, #2, #3, #4, #5, #6, #7 and #8 above; and

      (b)     Pay to the Trustee the sum of $176.00.

**The Court may dismiss the case without further notice for the Debtor's failure to timely comply with the Trustee's Recommendation.**

_____
Russell Brown
Chapter 13 Trustee

A copy of this document was
mailed on the date signed below to:


Steven Frink
9929 W. Heber Road
Tolleson, AZ 85353
Debtor(s)


Joseph W. Charles
P.O. Box 1737
Glendale, AZ 85311
Attorney for Debtor(s)



_____
*cherylturner@ch13bk.com*